UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                                                    :
RODRIGUEZ, et al.,                                                  :
                                                                    :
                              Plaintiffs,                           :        24-CV-09473 (JAV)
                                                                    :
            -v-                                                     :        ORDER
                                                                    :
INWOOD RESTAURANT CORP., et al.                                     :
                                                                    :
                              Defendants.                           :
                                                                    :
--------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On June 17, 2026, Plaintiffs filed a Motion to Compel Defendants Inwood Restaurant

Corp., d/b/a La Nueva Espana, 606 Restaurant Corp., and Franco Jimenez ("Defendants") to

produce information regarding Defendants' finances and assets to aid in the enforcement of a

monetary judgment.  ECF No. 49 ("Motion").  This Court granted a default judgment in favor of

Plaintiffs on August 19, 2025, and ordered Defendants to pay a total of $254,451.37, plus costs,

attorneys' fees, and post-judgment interest.  ECF No. 47.  Plaintiffs' Memorandum in Support of

the Motion to Compel alleges that the entire balance remains due and unpaid.  ECF No. 49, Ex. 2

at 3 ("Mem.").  Consequently, on April 29, 2026, Plaintiffs issued information subpoenas and

subpoenas duces tecum on Defendants requesting disclosure of financial information, production

of records (e.g. bank statements, tax returns), and an appearance at a virtual conference.  *Id.* at 3-

4.  Having received no response to the subpoenas from Defendants, Plaintiffs filed the instant

motion.  ECF No. 49, Ex. 1.  To date, Defendants have not filed a response to the Motion.  For

the following reasons, the Motion is **GRANTED IN PART and DENIED IN PART**.

Rule 69(a)(2) of the Federal Rules of Civil Procedure permits a judgment creditor to

"obtain discovery from any person—including the judgment debtor—as provided in these rules

or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Under Section 5223 of the New York Civil Practice Law and Rules ("N.Y. C.P.L.R."), a "judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena" that contains information about the judgment and a notice that failure to comply can result in being held in contempt of court. N.Y. C.P.L.R. § 5223 (McKinney 2026). Section 5224 sets forth procedures for obtaining such disclosure via information subpoenas and subpoenas duces tecum. *Id.* § 5224. Information subpoenas may be served by registered or certified mail, return receipt requested. *Id.* § 5224(a)(3). Section 2303 requires that subpoenas tecum should be served in the same manner as summons. *Id.* § 2303(a). Recipients of an information subpoena are allowed seven days to respond before failure to comply allows the issuer to seek enforcement under N.Y. C.P.L.R. Section 2308(b). *Soundkillers LLC v. Young Money Ent., LLC*, 14-CV-7980, 2016 WL 4990257, at *3 (S.D.N.Y. August 2, 2016).

The Court may properly grant Plaintiffs' motion to compel if their subpoenas were properly served more than seven days ago. N.Y. C.P.L.R. § 5224(a)(3) (McKinney 2026). Plaintiffs properly served the information subpoenas on Defendants by first class mail and by certified mail, return receipt requested. ECF No. 49-1 at ¶ 3. The information subpoenas provided the information required by Section 5223 of the N.Y. C.P.L.R., and requested responses to questions regarding Defendants' income, bank statements, assets, and other records relevant to Defendants' finances. *See generally* ECF No. 49, Exs. 3-5. This information is relevant to the satisfaction of the judgment, and accordingly the information and documents are discoverable under the Federal Rules of Civil Procedure and New York law. *See Plaza Motors of Brooklyn, Inc. v. Rivera*, 19-CV-6336, 2021 WL 4356011, at *3 (E.D.N.Y. September 24, 2021).

Accordingly, Plaintiffs effectuated proper service as to the information subpoenas.

Plaintiffs also served the subpoena duces tecum on Defendants by first class mail and by certified mail, return receipt requested, ECF No. 49-1 at ¶ 3, which was proper as to individual Defendant Franco Jimenez.  *See* N.Y. C.P.L.R. § 308(2).  The other two Defendants, Inwood Restaurant Corp., d/b/a La Nueva Espana and 606 Restaurant Corp. (the "Corporate Defendants"), are corporations and should therefore be served pursuant to N.Y. C.P.L.R. § 311, as this Court has previously ordered.  *See* ECF No. 34.  Corporations may also be served via the Secretary of State.  *See Jivaro Pro. Headhunters, LLC v. Curastory, Inc.*, 24-CV-01136, 2025 WL 3461040, at *1 (E.D.N.Y. April 28, 2025); *Ultradent Prods., Inc. v. Hayman*, M8-85, 2002 WL 31119425, at *2 (S.D.N.Y. Sept. 24, 2002).  Accordingly, Plaintiffs must serve the subpoenas upon an authorized agent for service for each Corporate Defendant, or upon the Secretary of State pursuant to New York Business Corporation Law Section 306 before the Court may compel Corporate Defendants to respond to the subpoenas.  *See* N.Y. C.P.L.R. § 311(a)(1) (McKinney 2026).

## CONCLUSION

Accordingly, the Motion is **GRANTED** as to the information subpoenas issued to all Defendants and the subpoena duces tecum issued to Defendant Franco Jimenez, as all were properly served.  The Defendants are ordered to respond to these subpoenas by **Thursday, July 30, 2026**.  The Motion is **DENIED** without prejudice as to the subpoenas duces tecum issued to corporate Defendants for improper service.  The Clerk of the Court is directed to terminate ECF No. 49.

It is **FURTHER ORDERED** that Plaintiffs serve this Order on Defendants and file proof of such service on the docket by **Wednesday, July 8, 2026.**

SO ORDERED.

Dated: July 2, 2026
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

4